# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:13-cr-142

                                          District Judge Timothy S. Black
- vs -                                     Magistrate Judge Michael R. Merz

JASON S. PULASKI,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

       The above-captioned action was referred to the undersigned under Fed. R. Crim. P. 59 for change of plea proceedings. Defendant orally consented to conduct of this proceeding before the United States Magistrate Judge. The proceedings were recorded electronically as permitted by Fed. R. Crim. P. 11(g).

       Prior to the Rule 11 proceedings, the Court arraigned Defendant on the Superseding Indictment.

       The undersigned examined Defendant under oath as to his understanding of the Plea Agreement and the effect of entering a plea pursuant to that Agreement. Having conducted the colloquy, the Magistrate Judge is persuaded the Defendant understands the rights waived by entering a guilty plea and is competent to do so. The Magistrate Judge also concludes that execution of the Plea Agreement, which was acknowledged in open court, is Defendant's

1

voluntary, knowing, and intelligent act. It is therefore respectfully recommended that the Plea Agreement be accepted.

Defendant having executed the Plea Agreement, he tendered a plea of guilty to the offenses charged in Counts One and Five of the Superseding Indictmnent.. The Magistrate Judge concludes the guilty pleas are knowing, intelligent, and voluntary and that the Statement of Facts made a part of the Plea Agreement, whose truth Defendant acknowledged, provides a sufficient basis for a finding of guilt. It is therefore respectfully recommended that the guilty plea be accepted and Defendant be found guilty as charged as charged in Counts one and Five of the Superseding Indictment.

Anticipating the District Court's adoption of this Report and Recommendations, the Magistrate Judge referred the Defendant for a pre-sentence investigation continued his previously set bond conditions

April 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the

transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).